EDWARD HODGKINS, *in Equity, versus* HANNAH A. MER-
RITT *& als.*

In 1852, the complainant, by his deed, absolute in its form, but only intended as security, conveyed certain real estate to M. & R., co-partners. In 1858, M. & R. gave him a bond conditioned to reconvey the premises upon payment, within three years, of whatever he should then owe them, which limitation was thereafter waived. Before final settlement, M. died; and, subsequently, the complainant settled with R., as surviving partner, and paid him the full amount due the firm; — *Held,* that the complainant was entitled to a release from the heirs of M., with covenants of warranty against claims by, through or under them.

BILL IN EQUITY.
The case was heard on bill and answer.
The facts sufficiently appear in the opinion.
The case was submitted without argument.

WALTON, J.—This is a bill in equity in which the plaintiff prays for a decree authorizing and directing the defendants to release to him any supposed interest they may have in certain real estate.

The plaintiff says that, in 1852, he conveyed the real estate in question to Merritt & Robinson, then co-partners, by a deed in form absolute, but intended in fact as security merely. That afterwards, in 1858, Merritt & Robinson gave him a bond conditioned to reconvey to him upon payment, within three years, of the amount that should be found due them upon a full, fair and just settlement. That the three years limitation was afterwards waived, and that he paid them large sums both before and after the expiration thereof. That, before any full and final settlement was had, Merritt, one of the co-partners, died. That, since Merritt's death, he has settled with the surviving partner, Robinson, and paid him the full amount due the firm, being more than six thousand dollars. And the plaintiff claims that he is now entitled to such a reconveyance as will free his real estate from any apparent defect in the title. This the

defendants seem willing to do, but doubt their authority. They do not deny any of the facts stated in the plaintiff's bill, but, on the contrary, express their belief that they are all true. We therefore regard the facts stated in the plaintiff's bill as admitted.

The necessity for applying to the Court for aid probably arises out of the fact that when Merritt died he left three children, then and still minors, and that their guardian does not feel authorized to release their apparent title to one half of the land, without authority and direction from the Court so to do.

It being admitted that the conveyance from the plaintiff to Merritt & Robinson, though absolute in form, was in reality intended as security merely, and that the whole amount due Merritt & Robinson has been paid, we think the plaintiff is entitled to such a reconveyance of his property as will clear the title of any apparent defect.

A decree may be entered authorizing and directing the defendants, (the minor children of Isaac Merritt acting, of course, through their guardian,) to release to the plaintiff any supposed interest they may have in the real estate in question, with covenants of warranty against the claims of all persons claiming by, through, or under them, or either of them.        *No costs allowed either party.*

APPLETON, C. J., CUTTING, DICKERSON, BARROWS and DANFORTH, JJ., concurred.